UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 21-2243 _____          _____ Caption [use short title] _____

Motion for: Intervention in Support of Respondents

_____

_____

Set forth below precise, complete statement of relief sought:

Movant seeks to intervene in support of Respondents.

Movant has been styled a Respondent in the Petition, but because

Movant is concerned it is not a proper Respondent, it has

filed this motion out of an abundance of caution.

_____

_____

Riverkeeper Inc. et al. v. Federal Aviation Admini

MOVING PARTY: The Port Authority of New York and New Jersey    OPPOSING PARTY: Riverkeeper Inc., Guardians of Flushing Bay, Inc., Ditmars Boulevard Block Assn, Inc.

☐ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

MOVING ATTORNEY: Megan Lee          OPPOSING ATTORNEY: Todd D. Ommen

[name of attorney, with firm, address, phone number and e-mail]

Port Authority Law Department          Pace Environmental Litigation Clinic, Inc., Elizabeth Haub School of Law

4 World Trade Center 150 Greenwich Street, 24th Floor New York, New York 10007    78 North Broadway, White Plains, NY 10603

Telephone No.: (212) 435-3435; mlee@panynj.gov    Phone: 914-422-4343; Email: tommen@law.pace.edu

Court- Judge/ Agency appealed from: Federal Aviation Administration

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____
_____

Opposing counsel's position on motion:
☑ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☑ No  ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:

Megan Lee _____ Date: 10/20/2021 _____ Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

RIVERKEEPER INC.; GUARDIANS OF
FLUSHING BAY, INC.; AND DITMARS
BOULEVARD BLOCK ASSN., INC.;

        Petitioners,

  v.

FEDERAL AVIATION
ADMINISTRATION; STEPHEN
DICKSON, in his official capacity as FAA
ADMINISTRATOR; and PORT
AUTHORITY of NY & NJ;

        Respondents.

No. 21-2243

**UNOPPOSED MOTION OF THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY TO INTERVENE IN SUPPORT OF THE FEDERAL
AVIATION ADMINISTRATION AND STEPHEN DICKSON**

Megan Lee, Esq.
Port Authority Law Department
4 World Trade Center
150 Greenwich Street, 24th Floor
New York, New York 10007
Telephone No.: (212) 435-3435

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Newspaper Publishers Association v. NLRB,*
190 F.2d 45 (7th Cir. 1951)................................................. 2

*Coal. for Responsible Growth & Res. Conservation v. FERC,*
485 F. App'x 472 (2d Cir. 2012)........................................... 4

*Nat. Res. Def. Council, Inc. v. FAA,*
564 F.3d 549 (2d Cir. 2009)................................................ 4

*Oil, Chem. & Atomic Workers Loc. Union No. 6-418, AFL-CIO v.
N.L.R.B.,*
694 F.2d 1289 (D.C. Cir. 1982) ........................................... 2

**Statutes**

49 U.S.C. § 46109 ............................................................... 1, 3

Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ........... 2

Federal Rule of Appellate Procedure 15(d)........................... 1, 3

i

The captioned action is, at its core, a challenge to a Record of Decision issued by the Federal Aviation Administration. Accordingly, the action names the FAA and its Administrator as Respondents. The action also names the Port Authority of New York and New Jersey as a Respondent, presumably because the Record of Decision concerns a project (colloquially known as the LaGuardia AirTrain) that the Port Authority has developed over the years.

Against the above backdrop, this motion addresses a purely procedural matter.

Public agencies that develop projects are "project sponsors" in the language of the case law. Such project sponsors have an established role to play in litigation that challenges a federal administrative agency's issuance of a Record of Decision. Among other things, project sponsors have access to, and can provide the Court with, potentially relevant information. Here, for example, the LaGuardia AirTrain project has recently been put on pause, pending a thorough review that is now underway by the Port Authority. Information as to the review will likely be important to provide the Court as it begins to weigh various questions.

But as a procedural matter, a project sponsor's role in litigation that challenges a federal administrative agency's Record of Decision is not as a Respondent (as the Port Authority has been styled here), but as an Intervenor. Accordingly, by this motion the Port Authority, though named as a Respondent, moves to intervene, pursuant to Federal Rule of Appellate Procedure 15(d) and 49 U.S.C. § 46109. Both

the FAA and the Petitioners have confirmed to us that they do not oppose the Port Authority's intervention in this case.

Petitioners' inclusion of the Port Authority as a Respondent in their petition for review may well not have been procedurally proper. Petitioners challenge only the *FAA*'s decisions under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, and they request relief—setting aside the FAA's decisions and ordering the FAA to prepare a new Environmental Impact Statement—that runs only against the FAA. *See* Dkt. 1-2 at 6. In similar circumstances, courts have held that project sponsors (such as the Port Authority) should not be initially named as respondents in the petition for review, but instead should intervene in the review proceeding. *See Oil, Chem. & Atomic Workers Loc. Union No. 6-418, AFL-CIO v. N.L.R.B.*, 694 F.2d 1289, 1298 (D.C. Cir. 1982) (private parties who prevailed before the NLRB "are not proper respondents to a petition to review an order of the Board, since petitioner has no standing to request a decree against [them], and ... the court has no power to issue a decree against them," but "parties before the Board have the right to *intervene* in review or enforcement proceedings") (alterations and emphasis in original; citations omitted); *American Newspaper Publishers Association v. NLRB*, 190 F.2d 45, 49 (7th Cir. 1951).

2

In an abundance of caution, therefore, the Port Authority files this motion to intervene in this proceeding. The motion is timely, as it was filed within 30 days after the filing of the petition for review. Fed. R. App. P. 15(d).

1.    This case arises out of the FAA's July 20, 2021 Record of Decision as to a Port Authority project, the LaGuardia AirTrain. On September 20, 2021, Petitioners filed a petition for review in this Court, challenging the FAA's Record of Decision.

On October 12, 2021, the Port Authority announced that, at Governor Hochul's request, it is undertaking a thorough review of potential alternative mass transit options to LaGuardia Airport. During the review, the Port Authority stated it will pause further action with respect to the LaGuardia AirTrain project.

2.    This Court should permit the Port Authority to intervene in this case. The Port Authority is well-positioned to assist the Court by ensuring a full presentation of the issues, including by providing information as to the referenced review and other factual issues.

Title 49 of the U.S. Code confirms that intervention is appropriate. Section 46110 confers jurisdiction on this Court to adjudicate the petition for review, and the adjacent provision, Section 46109, provides that any person "interested in or affected by" an FAA decision under "this part" may intervene in any related civil action or

3

proceeding.  The Port Authority, as a so-called project sponsor, is by definition an interested party.

Indeed, this Court has routinely granted intervention to project sponsors when, in analogous circumstances, an agency's Record of Decision is challenged.  *See, e.g., Coal. for Responsible Growth & Res. Conservation v. FERC*, 485 F. App'x 472 (2d Cir. 2012); *Nat. Res. Def. Council, Inc. v. FAA*, 564 F.3d 549 (2d Cir. 2009).

For the foregoing reasons, the Port Authority respectfully requests that this Court grant its motion to intervene in No. 21-2243.

Dated: October 20, 2021                     Respectfully submitted,

Megan Lee, Esq.

4

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

RIVERKEEPER INC.; GUARDIANS OF
FLUSHING BAY, INC.; AND DITMARS
BOULEVARD BLOCK ASSN., INC.;

        Petitioners,

    v.

FEDERAL AVIATION
ADMINISTRATION; STEPHEN
DICKSON, in his official capacity as FAA
ADMINISTRATOR; and PORT
AUTHORITY of NY & NJ;

        Respondents.

No. 21-2243

## THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S CORPORATE DISCLOSURE STATEMENT

The Port Authority of New York and New Jersey was created by a Compact between the States of New York and New Jersey to develop transportation, terminal, and other facilities of commerce within the Port District, with the consent of the United States Congress. 42 Stat. 174 (1921), *consenting to* 1921 N.J. Laws, Ch. 151 (*codified at* N. J. Stat. Ann. §§ 32:1-1 to -25) and 1921 N.Y. Laws, Ch. 154 (*codified at* N.Y. Unconsol L. §§ 6401-23). Because the Port Authority is a governmental entity, it is not required to file a corporate disclosure statement pursuant to Fed. R. App. P. 26.1.

1

Dated: October 20, 2021                    Respectfully submitted,

Megan Lee, Esq.

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(A). According to the word count feature of Microsoft Word, the motion contains 1,287 words, excluding the exempted parts under Rule 32. The motion has been prepared in a proportionally spaced typeface using Times New Roman in 14 point size.

Dated: October 20, 2021                        By: _____

                                                            Megan Lee, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2021, I electronically filed the foregoing

with the Clerk of the United States Court of Appeals for the Second Circuit using

the CM/ECF system, which sent notification of such filing to all registered CM/ECF

users.


Dated: October 20, 2021                    By: _____

                                           Megan Lee, Esq.